# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NEW FRONTIER ELECTRICAL, INC. and JAMES FOSTER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 20 C 3254 <br>) |
| IBEW LOCAL 176, | )<br>) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

MATTHEW F. KENNELLY, District Judge:

New Frontier Electrical Inc. has filed a complaint against International Brotherhood of Electrical Workers Local 176. The complaint, which was filed by the non-lawyer principal of New Frontier and later adopted by counsel, states the following. New Frontier is a minority union electrical contracting firm and "has been signatory as a contractor with IBEW Local 176 for about 11 years." In February 2020, Local 176 gave written notice of termination of the agreement, as best as the Court can tell, pursuant to something called the "one man unit rule." The union's notice said that the termination would be effective "upon the expiration of the current agreement on May 31, 2020, pursuant to Section 1.01 of the IBEW 176—NECA Inside Agreement." New Frontier alleges that it had no prior notice of the termination or its claimed basis, and it also alleges (among other things) that it "currently has union electricians working" for it on various projects. New Frontier contends that the termination of the agreement with Local 176 would be catastrophic for its business—presumably it would not be able to get job where union contractors are required. It asks the Court to enjoin the termination,

which it appears to contend is improper, though the complaint does not explain why.

Local 176 has moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. On the first point, Local 176 argues that the Court lacks jurisdiction to adjudicate a matter of this type. Instead, the union contends in its motion, "exclusive primary jurisdiction" lies with the National Labor Relations Board. Mot. to Dismiss (dkt. no. 21) at 1. On the question of jurisdiction, in *J.W. Peters, Inc. v. Bridge, Structural and Reinforcing Iron Workers, Local Union 1, AFL-CIO*, 398 F.3d 967 (7th Cir. 2005), the Seventh Circuit considered, on appeal from a decision by a district court, a case presenting more or less a mirror image of the situation in this case: an employer repudiated an agreement with a union and sued seeking a declaration that it had acted properly. The dispute involved the same "one-man unit" rule apparently involved in the present case. The court ruled that a district court had jurisdiction to determine the validity of the contractual repudiation. *Id.* at 972-73. The court drew this from section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), concluding that the dispute was a claim for breach of contract within the meaning of that section.

In *Copps Food Center, Inc. v. United Food & Commercial Workers Union, Local 73-A*, 940 F.2d 665 (7th Cir. 1991) (unpublished), the court considered a primary jurisdiction argument similar to the one made by the union in this case. A federal court, it said, has jurisdiction under section 301 to adjudicate a contract dispute, limited only by "the policy of reserving to the NLRB jurisdiction over issues involving representation." *Id.* at *3. That policy was brought into play in *Copps Food Center*, in which the dispute brought before the court was also part of a pending NLRB proceeding involving an issue of union representation of certain persons. But the present case does not appear to

involve an issue of representation—at least Local 176 does not contend that it does.

For these reasons, the Court denies Local 176's motion to dismiss for lack of subject matter jurisdiction.

New Frontier's complaint founders, however, on the merits. As Local 176 points out, it is not alleged to have repudiated the contract mid-term. Rather the union is alleged to have terminated the agreement as of the date it expired by its own terms. It is hard to see how that could be a breach, at least without a properly-supported allegation that New Frontier had a contractual or other right of renewal. Indeed, New Frontier's complaint makes no effort to explain what, if anything, the union did wrong. Rather, it simply alleges that the termination would cause it hardship. That is no doubt so, but a claim for breach of contract requires an allegation of breach, which is lacking.

**Conclusion**

For the reasons stated in this order, the Court denies defendant's motion to dismiss for lack of subject matter jurisdiction but grants its motion to dismiss for failure to state a claim [dkt. no. 21]. Unless plaintiff files, by August 6, 2021, a motion for leave to amend attaching a proposed amended complaint that states a viable claim over which the Court has jurisdiction, the Court will enter judgment against plaintiff. The status hearing and ruling set for July 16, 2021 is vacated. The case is set for a telephonic status hearing on August 13, 2021 at 9:10 a.m., using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves.

Date: July 15, 2021

_____
MATTHEW F. KENNELLY
United States District Judge